UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTINE CREACY,

      Plaintiff,

    v.

DEBT MANAGEMENT PARTNERS,
LLC, et al.,

      Defendants.

22-CV-00047
ORDER

---

SANDRA WIIG,

      Plaintiff,

    v.

DEBT MANAGEMENT PARTNERS,
LLC, et al.,

      Defendants.

22-CV-00048
ORDER

---

**INTRODUCTION**

On November 10, 2025, United States Magistrate Judge Kenneth Schroeder, Jr., to whom this case is referred pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), issued a Report and Recommendation ("R&R"), 22-CV-47 at ECF No. 61 & 22-CV-48 at ECF No. 59, addressing Defendants' renewed motions for sanctions against Plaintiffs' attorneys, 22-CV-47 at ECF No. 42 & 22-CV-48 at ECF No. 38, and Plaintiffs' motions for attorneys' fees and costs, 22-CV-47 at ECF No. 43 & 22-CV-48 at ECF No. 39.

Judge Schroeder recommended denial of all motions. Plaintiffs filed timely objections, 22-CV-47 at ECF No. 62 & 22-CV-48 at ECF No. 60, and Defendants filed responses, 22-CV-47 at ECF No. 63 & 22-CV-48 at ECF No. 61.

After review, the Court accepts and adopts the R&R's recommended disposition as to all motions. Accordingly, Defendants' motions for sanctions and Plaintiffs' motions for attorneys' fees are denied.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. 636(b)(1), this Court must make a *de novo* determination of those portions of the R&R to which objections have been made. Objections to a report and recommendation "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *United States v. Hunt*, 440 F. Supp. 3d 221, 224 (W.D.N.Y. 2020) (quotation omitted); *see Briggs*, 215 F. Supp. 3d at 215; Loc. R. Civ. P. 72(b) ("Written objections to proposed findings of fact and recommendations for disposition submitted by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) shall specifically identity the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report and recommendation only for clear error. *Blackhawk v. Hughes*, No. 9:20-CV-0241(LEK/TWD), 2021 WL 752838, at *1 (N.D.N.Y. Feb. 26, 2021). A district court "may accept, reject, or modify the

2

recommended disposition [in the R&R]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1)(C).

"Moreover, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Hunt*, 440 F. Supp. 3d at 224 (quotation omitted).

## DISCUSSION

Plaintiffs object to Judge Schroeder's recommendation to deny attorneys' fees on the basis that the agreement "had the necessary judicial imprimatur" to grant them "prevailing party" status. 22-CV-47 at ECF No. 62 & 22-CV-48 at ECF No. 60.

Upon a *de novo* review, and after considering the Plaintiffs' objections and Defendants' responses, the Court accepts the proposed findings and recommendations in their entirety. A consent decree "reflects the parties' own resolution of the merits, but it is approved and given force of law by the court." *Lackey v. Stinnie*, 604 U.S. 192, 207 (2025) (citation omitted). Here, the agreement did not require approval by the Court, nor did it provide the Court jurisdiction over a disagreement regarding its performance so that a violation of its term would be judicially sanctionable. Therefre, the agreement does not "bear[] a judicial *imprimatur*" such that it would "materially alter[] the legal relationship between the parties." *Id*. This Court concludes that Plaintiffs do not possess "prevailing party"

status so as to be entitled to attorneys' fees under the Fair Debt Collection Practices Act. *See* 15 U.S.C § 1692k(a)(3).

There were no objections with respect to Judge Schroeder's recommendation to deny defendants' renewed motions for sanctions.

## CONCLUSION

For the forgoing reasons, the Court accepts and adopts Judge Schroeder's recommended disposition as to Defendants' renewed motions for sanctions against Plaintiffs' attorneys, 22-CV-47 at ECF No. 42 & 22-CV-48 at ECF No. 38, and Plaintiffs' motions for attorneys' fees and costs, 22-CV-47 at ECF No. 43 & 22-CV-48 at ECF No. 39.

Accordingly, Defendants' renewed motions for sanctions are DENIED; and Plaintiffs' motions for attorneys' fees are DENIED.

SO ORDERED.

Dated:        July 29, 2026
              Rochester, New York

                                  HON. MEREDITH A. VACCA
                                  UNITED STATES DISTRICT JUDGE